IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRIAN HAMILTON,<br><br>    Plaintiff,<br><br>  v.<br><br>D.G. METCALF; SGT. VERTASOTO; SGT. CORONA; CORRECTIONAL OFFICER MORALES; CORRECTIONAL OFFICER RANGEL; D. SILVA; S. MAUGHMER; ASSISTANT WARDEN SPEARMAN; ASSISTANT WARDEN WHITE; R. QUINTERA,<br><br>    Defendants<br>_____ / | No. C 12-3916 WHA (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTIONS FOR RECORDS**<br><br>(Docket Nos. 8-11) |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. 1983. His motion for leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the case is **DISMISSED** with leave to amend.

**ANALYSIS**

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1  § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims
2  which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
3  monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2).  Pro
4  se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
5  (9th Cir. 1990).

6        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
7  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the
8  statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds
9  upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
10  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
11  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
12  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
13  do. . . .   Factual allegations must be enough to raise a right to relief above the speculative
14  level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A
15  complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*
16  at 1974.

17        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
18  (1) that a right secured by the Constitution or laws of the United States was violated, and (2)
19  that the alleged deprivation was committed by a person acting under the color of state law.
20  *West v. Atkins*, 487 U.S. 42, 48 (1988).

21  **B.**  **LEGAL CLAIMS**

22        Plaintiff alleges that he has "personal knowledge" that defendants are illegally
23  transporting and using tobacco on state property.  He alleges that this activity by defendants has
24  led to inmate assaults and disciplinary actions taken against inmates.  He also alleges that the
25  "classification committee" has retaliated by "backdating dispositions" and imposing regulations
26  "before their time" (Compl. 3).  It is unclear how any of these alleged actions have affected
27  plaintiff, however.  He does not allege whether he was assaulted, disciplined without due
28  process, retaliated for exercising his constitutional rights, or otherwise suffered a violation of

2

his constitutional rights. In order to state a valid claim under Section 1983, he must allege how defendants violated his constitutional rights; he may not simply make allegations about generally wrongful or illegal conduct by defendants, as he has done in his complaint. He will be given leave to amend his complaint to allege how defendants have violated his constitutional rights, if he can do so in good faith.

Plaintiff should note that in order to state a valid claim for retaliation, he must allege that defendants retaliated against him for the exercise of his constitutional rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997). Retaliation for his purported knowledge of their alleged illegal activity is not actionable because such knowledge is not, on its own an exercise of his constitutional rights.

## CONCLUSION

For the foregoing reasons,

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order (No. C 12-3916 WHA (PR)) and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case</u>.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3. Plaintiff's "requests" for orders from the court directing parties to produce documents (dkt. 8-11) are **DENIED**. Discovery requests may not be filed with the court, but

must be served directly on parties who have appeared and been served. Plaintiff will be granted permission to conduct discovery after he files an amended complaint that states a cognizable claim for relief.

IT IS SO ORDERED.

Dated: October    16   , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.12\HAMILTON3916.LTA.wpd

4