IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRIAN HAMILTON,<br><br>Plaintiff,<br><br>v.<br><br>D.G. METCALF; SGT. VERTASOTO; SGT. CORONA; CORRECTIONAL OFFICER MORALES; CORRECTIONAL OFFICER RANGEL; D. SILVA; S. MAUGHMER; ASSISTANT WARDEN SPEARMAN; ASSISTANT WARDEN WHITE; R. QUINTERA,<br><br>Defendants | No. C 12-3916 WHA (PR)<br><br>**ORDER OF DISMISSAL; DENYING MOTIONS FOR PHONE CALLS**<br><br>(Docket Nos. 12, 15) |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. 1983. The complaint was dismissed with leave to amend. Plaintiff has filed a timely amended complaint (docket number 15). For the reasons discussed below, the case is **DISMISSED**.

## ANALYSIS

**A. STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

In his amended complaint, plaintiff alleges that defendant Metcalf, a Lieutenant at the California Training Facility ("CTF"), where he was formerly incarcerated, transported and used tobacco on state property in the presence of inmates and other CTF officials. Similar allegations in the original complaint were dismissed because plaintiff did not allege how such conduct affected him. He still does not. He claims in conclusory fashion that this constituted disregard for his "safety" because it violated prison rules and regulations. Plaintiff has not

alleged how defendants' breaking of such rules and regulations in and of itself made him unsafe. Consequently, the allegations that Metcalf broke prison rules and regulations, and other defendants' alleged knowledge of this conduct, do not state a cognizable claim for relief.

Plaintiff has also alleged that he has been subject to "reprisals," such as improper processing of his administrative appeals, backdating decisions on his classification, and "new lock up orders," because of his knowledge of Metcalf's misconduct. It was explained to plaintiff when the original complaint was dismissed that retaliation for his knowledge of officials' illegal activity is not actionable retaliation because plaintiff's knowing about that activity is not an exercise of his constitutional rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (retaliation action requires retaliation for exercise of his constitutional rights). Consequently his allegations about reprisals do not state a cognizable claim for retaliation. The alleged delays in processing his administrative grievances and the alleged backdating of classification decisions also do not violate his constitutional rights because there is no constitutional right to an administrative appeal system, *see Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003), or any authority that backdating classification reports violates the federal constitutional right to due process, *see Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (reclassification requires at most only notice and hearing); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) .

Finally, the proper venue for plaintiff's new allegations about conduct by prison officials at the Wasco State Prison ("Wasco") is the United States District Court for the Eastern District of California, where Wasco is located. Plaintiff's claims pertaining to events occurring there are dismissed without prejudice to his refiling them in the Eastern District.

As the amended complaint does not cure the deficiencies from his original complaint that were identified for him, further leave to amend would be futile and will not be granted.

3

**CONCLUSION**

For the foregoing reasons, this case is **DISMISSED**. The motions for phone calls (dkt.12, 15) are **DENIED**. The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: December  20 , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.12\HAMILTON3916.DSM.wpd